732

THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
ENRIQUE LÓPEZ, Defendant and Appellant.

No. 12621.   Argued November 3, 1947.—Decided November 25, 1947.

R. A. Arroyo Ríos for appellant.   Luis Negrón Fernández, Attorney
General, and J. Rivera Barreras, Prosecuting Attorney, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Appellant was prosecuted in the Municipal Court of Río Grande on November 20, 1945, for abandonment and nonsupport of minors. The offense consisted in that on Sep-

tember 10, 1945, he failed to support his illegitimate daughter, three years of age, Nilda Alicia Rivera.

The trial *de novo* was set in the lower court for January 16, 1946. On that day the defendant pleaded *res judicata*. He alleged that in a former case for abandonment of minors before the Municipal Court of Río Grande, wherein he was charged with having failed to support said minor, he was acquitted by a judgment of January 25, 1943. In support of his plea of *res judicata* he presented in evidence a certified copy of the complaint and of the former acquittal. The lower court took its decision under advisement and continued the hearing.

Sometime later, in opposition to the plea of *res judicata,* the district attorney filed a motion alleging that in the former case no trial was held; that the defendant and the prosecutrix appeared before the municipal judge in his chamber and having agreed as to the allowance that defendant bound himself to send to the child, the municipal judge, without trial, rendered judgment acquitting defendant.

The hearing of the motion of the district attorney was set for March 15, 1946. On that day, over defendant's objection, the district attorney presented the testimony of the municipal judge who had rendered the former judgment. The municipal judge testified that he took part in the criminal action wherein he rendered judgment on January 25, 1943; that his intervention consisted in that after the complaint was filed in said case, the defendant visited him for the purpose of talking the matter over; that as a result of this conversation the judge and the defendant agreed to talk to the prosecutrix in order to reach an agreement; that subsequently the prosecutrix came to see the judge and the latter told her that he had spoken with the defendant and that he was in the right attitude; that later, on January 25, 1943 the prosecutrix and the defendant came to the judge's office and discussed the matter, and that the defendant bound himself, without any investigation having been made as to the

paternity, to give the child a monthly allowance of $10; that immediately, without holding trial, the judge wrote a note on the back of the complaint acquitting the defendant. Based on this note the clerk drafted the judgment in the usual manner [1] and the judge signed it.

In the light of this evidence, the trial court overruled the defense of *res judicata* and after hearing the case on its merits on May 28, 1946, rendered judgment convicting the defendant.

In support of this appeal the defendant assigns as errors, among others, the overruling of his plea of *res judicata* and the admission of the testimony of the municipal judge, contradicting the contents of the judgment.

Since our decision in *People* v. *Lugo,* 64 P.R.R. 529, it has been settled in this jurisdiction that the plea of *res judicata* may be invoked in criminal cases. But in order for that defense to succeed, it is necessary that the former judgment be rendered with jurisdiction as a judgment rendered without jurisdiction does not exist in law and in the absence of a former judgment the defense of *res judicata* does not lie.

There is no doubt that the Municipal Court of Río Grande has jurisdiction to take cognizance of the offense once the paternity was denied. It also had jurisdiction over the person of the defendant, who was present when the alleged judgment was rendered, but, undoubtedly, no court has the power to render judgment, as in the former case, without holding trial. It is a well-settled rule that a judgment rendered without jurisdiction precisely because it is nonexistent, may be attacked collaterally at any time and even with evidence dehors the record. Restatement, Judgments (1942) § 2 comment *b*. Consequently, the lower court did not err in

---

[1] The judgment reads thus:

"At Río Grande, P. R., on January 25, 1943, before this court Enrique López appeared personally and upon arraignment pleaded not guilty. After hearing the parties the court finds defendant not guilty of abandonment of minors and acquits him."

admitting the testimony of the municipal judge, nor in over-ruling the plea of *res judicata* based on that evidence.[2]

■■ Appellant complains that after the trial had begun the court, at the request of the prosecutrix, summoned her father, whose name did not appear as a witness in the complaint.

To summon a witness whose name does not appear in the complaint or information rests in the sound discretion of the court and unless prejudice to the defendant is shown, the order of the court shall not be disturbed on appeal.[3]

■ Lastly, appellant urges that the evidence is insufficient to support the judgment.

The evidence for the prosecution tended to show that the defendant, a married man, owner of a public car, who traveled in the route between San Juan and Fajardo had fallen in love with the prosecutrix who lived in one of the towns of said route. That he repeatedly took her to the beach at Isla Verde where they used to have sexual intercourse. That as a result of this intercourse the child Nilda Alicia was born. That the defendant paid the services of a midwife and shortly after abandoned the prosecutrix and the girl. In addition to this evidence, it was shown that the defendant, as a result of the complaint in the former case, had been depositing in the Municipal Court of Río Grande the amount of $10 monthly as allowance for the minor.[4]

It is true that the evidence for the prosecution was contradicted to a certain extent but since the lower court believed it we should not disturb its discretion in weighing the evidence.

---

[2] The testimony of the municipal judge was not controverted. On the contrary it was corroborated by defendant himself, who at the trial testified in the direct examination that no prior trial had been held.

[3] The judge suggested to the defendant a continuance so as to give the latter sufficient time to meet the testimony of the municipal judge to avoid a surprise but defendant rejected the continuance of the trial.

[4] The proof of having paid allowance is not by itself sufficient to support a conviction, but it may be taken into consideration in weighing the evidence.

736

■■ Appellant urges that in cases like this one where the minor is an illegitimate child, two essential elements should be proved: the paternity and the failure to support without legal excuse. As to the first element he alleges that the paternity is not established by the mere statement of a woman to the effect that she had had sexual intercourse with the defendant and as a result of this intercourse a child was born. He insists in that some of the elements contained in § 125 of the Civil Code must be proved.[5]

In his argument appellant forgets that we are not dealing with a filiation case to which § 125 of the Civil Code would be applicable. This is a case for abandonment of minors and we have already held that the mere testimony of the mother, if it tends to prove all the elements of the offense and is believed by the court, is sufficient to support a judgment. *People* v. *Cáceres*, 65 P.R.R. 344, and *People* v. *De Jesús*, 57 P.R.R. 694.

Judgment is affirmed.

■■■■■■■■■■

---

[5] Section 125 of the Civil Code, provides, insofar as pertinent:

"The father is obliged to recognize the natural child:

"1. When there exists an indubitable statement in writing of the father wherein he expressly acknowledges his paternity.

"2. Where the child has uninterruptedly enjoyed the condition as of a natural child of the defendant father justified by acts of the same father or of his family.

"3. When the mother was known to have lived in concubinage with the father, both during her pregnancy and at the time of the birth of the child.

"4. When the child may present any authentic evidence of his paternity."